**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW BAHR, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | |
| | ) | Case No. |
| ATLANTIC CREDIT AND FINANCE, | ) | |
| INC., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Matthew Bahr, by and through counsel, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for the Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions occurred here, and the Defendant transacts substantial business here.

## STANDING

3.      Plaintiff has suffered an injury in fact that is traceable to the Defendant's conduct and is likely to be redressed by a favorable decision in this matter.

4.      Specifically, Plaintiff suffered a concrete and particularized informational injury as a result of the Defendant's false statements made in its attempt to collect an alleged debt and its failure to provide full and accurate information as required by the FDCPA.

1

5.      Plaintiff has thus suffered an injury as a result of the Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## **PARTIES**

6.      Plaintiff, Matthew Bahr, is a resident of the State of Illinois, from whom Defendant attempted to collect an allegedly delinquent consumer debt, allegedly owed on a defaulted Citibank, N.A. consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.      Defendant, Atlantic Credit and Finance, Inc. ("Atlantic"), is a Virginia corporation with its principal place of business located at 3111 Camino Del Rio North, Suite 103, San Diego, California 92108. (Exhibit A, Record from Illinois Secretary of State).

8.      Atlantic does business in the State of Illinois, including in this District.

9.      Atlantic acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

10.     Atlantic also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

2

## FACTUAL ALLEGATIONS

11.     According to Defendant, Plaintiff incurred a debt for goods and/or services used for personal, family or household purposes ("Alleged Debt").

12.     The alleged debt is thus a "debt" as that term is defined by § 1692a(5) of the FDCPA.

13.     Defendant alleged that Plaintiff failed to make full payment and the debt entered default and was charged off and later purchased, transferred or otherwise assigned for collections to Atlantic.

14.     Atlantic began attempting to collect the alleged debt from Plaintiff and sent Plaintiff a collection letter on or about September 20, 2018. (Exhibit B, Initial Collection Letter).

15.     The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

16.     The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

17.     The letter states in relevant part:

> **Please allow this letter to serve as an introduction to MID. MID has purchased or was otherwise assigned the account (the "Account") referenced above and it has been placed with Atlantic Credit & Finance, Inc ("Atlantic") for collection**

> **Our records reflect you are obligated on the Account which is in default. Accordingly, Atlantic is entitled to be paid the balance due of $3,255.40. All payments on the account should be sent as noted below.**

18.     The letter additionally lists "Citibank, N.A. Costco Anywhere Visa card by Citi ACQ" as the original creditor and "Midland Funding, LLC ("MID")" as the current creditor.

19.     While the letter lists the alleged Current and Original creditors, the letters statement that "Atlantic is entitled to be paid the balance due of $3,255.40." would confuse the

3

unsophisticated consumer as to who is actually owed the money, since Midland is alternatively referred to as the "assignee" and Atlantic claims that it is entitled to be paid the balance.

20.     15 U.S.C. § 1692g of the FDCPA states in relevant part:

**(a) Notice of debt;**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**
**(1) the amount of the debt;**
**(2) the name of the creditor to whom the debt is owed;**
**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

21.     Defendant violated 15 U.S.C. §1692g(a) by failing to clearly state the creditor to whom the debt is owed.

22.     On October 8, 2018, shortly after the initial letter was sent to Plaintiff, Defendant sent a second collection letter to Plaintiff. (Exhibit C, Second Collection Letter).

23.     The letter was titled "PRE-LEGAL NOTIFICATION" and stated in relevant part:

**Atlantic Credit & Finance has tried to reach you regarding this account. This letter is to inform you that Midland Funding, LLC is considering forwarding this account to an attorney in your state for possible litigation. Upon receipt of this notice, please call 866-223-1935 to discuss your options.**

4

**If we don't hear from you or receive payment, Midland Funding, LLC may proceed with forwarding this account to an attorney.**

24.     The letter also stated that it would enter into a settlement arrangement with Plaintiff, with the first payment due on October 12, 2018, a mere four days after the letter was sent.

25.     15 U.S.C. § 1692f of the FDCPA provides in relevant part:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

26.     Defendant violated § 1692f by sending Plaintiff a collection letter that threatened legal action if he did not pay the debt within an extremely short period of time, and a period that was well within the 30-day verification window.

27.     Defendant's demand that Plaintiff enter into a payment plan within 4 days after it sent the letter, was an unfair practice, since Plaintiff had almost no time to decide on the proposed payment arrangement.

28.     Additionally, sending the second letter threatening legal action within the 30-day period, beginning from the first letter on September 20, 2018, overshadows and eviscerates the consumers rights under § 1692g, since it would cause the consumer to believe that they have no choice but to pay the debt, even though they would still have time to dispute it.

29.     15 U.S.C. § 1692e of the FDCPA provides in relevant part:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

5

**(2) The false representation of—**

**(A) the character, amount, or legal status of any debt; or**

**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . .**

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

30.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) by implying that Atlantic was owed the debt, rather than Midland.

31.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) by threatening legal action and demanding payment in such a way that violated Plaintiff's rights under § 1692g.

32.     On the back side of the letter, Defendant states in relevant part:

**For disputes call 800-888-9410 or write to: PO BOX 13386 Roanoke, VA 24033-3386.**

33.     The second collection letter would cause a consumer to believe that they could fully dispute the debt on the phone. However, this is inconsistent with the FDCPA, since a consumer can only obtain verification and validation of the alleged debt by notifying the debt collector in writing within 30 days of receiving the collection letter. By implying to a consumer that calling is equal to, or better than, a written dispute, Defendant would cause the unsophisticated consumer to waive their rights by failing to dispute the debt in writing.

34.     Defendant violated §§ 1692g(a), 1692e and 1692e(10) by implying that an oral dispute would be equivalent to a written dispute, when that is not the case.

35.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

36.     Plaintiff realleges the above paragraphs as if set forth fully in this count.

37.     Defendant violated 15 U.S.C. §1692g(a) by failing to clearly state the creditor to whom the debt is owed.

38.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) by implying that Atlantic was owed the debt, rather than Midland.

39.     Defendant violated § 1692f by sending Plaintiff a collection letter that threatened legal action if he did not pay the debt within an extremely short period of time, and a period that was well within the 30-day verification window.

40.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) by threatening legal action and demanding payment in such a way that violated Plaintiff's rights under § 1692g.

41.     Defendant violated §§ 1692g(a), 1692e and 1692e(10) by implying that an oral dispute would be equivalent to a written dispute, when that is not the case.

42.     Plaintiff suffered an informational injury since he was provided with false information regarding his rights.

43.     As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiff requests that judgment be entered in favor of Plaintiff and against Defendant for:

A.     Statutory damages pursuant to 15 U.S.C. § 1692(a)(2);

  B.  Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and

  C.  Such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
111 West Washington Street, Suite 1360
Chicago, Illinois 60602
Tel. 312-858-3239
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys